NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| STAN GEISSENBERGER, TERRI GEISSENBERGER, MICHELLE GEISSENBERGER, and SUZANNE GEISSENBERGER,<br><br>Plaintiffs,<br><br>v.<br><br>BIDSAUCE CORPORATION f/k/a BIDSAUCE L.L.P., BIDSAUCE, L.L.P. d/b/a BIDSAUCE.COM, TOM "CHIP" GALLOWAY, MELISSA GALLOWAY, BAILEY NOLAN HALL, NATIONAL FITNESS, JOHN DOES 1-25, ABC CORPORATIONS 1-25,<br><br>Defendants. | Civil Action No.: 2:13-cv-03058<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on the motion of defendants Bidsauce Corporation f/k/a Bidsauce LLP, Bidsauce LLP d/b/a Bidsauce.com, Tom "Chip" Galloway, Melissa Galloway, Bailey Nolan Hall, and National Fitness Center (collectively "Bidsauce" or "Defendants") to dismiss the Complaint of Stan Geissenberger, Terri Geissenberger, Michelle Geissenberger, and Suzanne Geissenberger (collectively "Plaintiffs") pursuant to Fed. R. Civ. P. 12(b)(6). No oral argument was heard pursuant to Rule 78. Based on the reasons set forth below, Defendants' motion to dismiss is denied.

**I.     BACKGROUND**

Bidsauce.com is an online penny auction site, which allows customers to bid on a wide

range of consumer items such as electronics, gift cards, designer apparel, home and office products, and outdoor products after registering with the site and purchasing one of several available bid packages. (Compl. ¶¶ 16, 27.) Plaintiffs are five relatives who each registered for Bidsauce accounts and purchased bid packages in May 2010. (Compl. ¶¶ 37-39.) They allege that after being declared the winners of a variety of items on the Bidsauce website and after paying for the items to secure delivery, they never received the merchandise to which they were entitled. (Compl. ¶¶ 41-44.) Instead, Bidsauce terminated each of their user accounts and accused them of violating the website's Terms of Use by opening up more than two accounts in a single household, which the Plaintiffs strongly contest. (Compl. ¶ 49.)

Plaintiffs filed suit on May 13, 2013, bringing claims for violation of the New Jersey Consumer Fraud Act, unjust enrichment, breach of contract, fraud and deception, Civil Rico, New Jersey Civil Rico, and unfair trade practices. On June 26, 2013, Defendants filed a motion for summary judgment. They subsequently withdrew their motion for summary judgment and re-filed it as a motion to dismiss for failure to state a claim on June 28, 2013. The Court confirmed the withdrawal and re-filing by an Order entered on July 1, 2013.

In their motion to dismiss, Defendants contend that this action is barred by an agreement between the parties, which requires all claims to be brought within one year after the cause of action arose. (Defs.' Br. 1.) Plaintiffs argue that the limitations term in the agreement is unenforceable and therefore does not bar them from bringing this suit. (Pls.' Br. 20-23.)

## II. **LEGAL STANDARD**

For a complaint to survive dismissal pursuant to Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In other words, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations and quotations omitted).

### III. DISCUSSION

Bidsauce argues that Plaintiffs' claims should be dismissed as untimely. They assert that when Plaintiffs registered for an account on Bidsauce.com, they agreed to the website's "Terms of Use," which thus governs the relationship between the parties. (Defs.' Br. at 2.) Specifically, Defendants rely on Rule Number 8 in the "Miscellaneous" section of Bidsauce.com's Terms of Use, which states that "Any claim under these Terms of Use must be brought within one (1) year after the cause of action arises, or such claim or cause of action is barred." Id. at 4-5. Defendants allege that the cause of action arose when Plaintiffs' accounts were terminated in February and March of 2012. Id. at 5. As Plaintiffs did not file suit until May 2013, more than one year after the accrual of the cause of action, Defendants assert that their suit is barred by the limitations term contained within the Terms of Use Agreement. Id. at 11.

In response, Plaintiffs deny that they are bound by the limitations clause in the Terms of Use cited to and submitted as an exhibit by the Defendants. (Pl's. Br. at 20.) Relying on a retrieved archived copy of the Bidsauce website from 2010, Plaintiffs argue that the Terms of Use to which the Defendants refer are based on the website as of July 2013, and not based on the May 2010

version of the website that existed when Plaintiffs registered for an account. Id. Whereas the July 2013 registration process requires customers to affirmatively "accept" the Terms and Conditions of the website, the May 2010 version contained no such requirement. Id. Plaintiffs thus "vehemently dispute receiving adequate notice of the 1-year lawsuit limitations period" and "further dispute actively 'accepting' the Terms and Conditions when they registered their accounts with Bidsauce." Id.

In considering a Rule 12(b)(6) motion to dismiss, a court generally relies on "the complaint, attached exhibits, and matters of public record." Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). Should the Court choose to consider matters presented by the parties outside the pleadings, it must convert the motion into one for summary judgment under Rule 56 and allow all parties "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(d); Sands, 502 F.3d at 268, n.3; Rose v. Bartle, 871 F.2d 331, 340 (3d Cir. 1989). In order to resolve the present dispute between the parties regarding the Terms of Use, the Court will necessarily need to consider matters beyond the pleadings, namely which Terms of Use Agreement applies, the validity of those Terms of Use, and whether Plaintiffs did in fact consent to the Agreement.

As the Court will need to consider matters beyond the pleadings in deciding whether Plaintiffs are bound by a contractual time limitation, the Court must either convert this motion into one for summary judgment or deny the motion to dismiss without prejudice and allow the motion to be renewed as one for summary judgment. Rycoline Products, Inc., 109 F.3d at 886-87. Given the necessity of discovery related to these issues, the Court declines to convert this motion into one for summary judgment. For the reasons set forth above,

**IT IS** on this 30th day of January, 2014,

4

**ORDERED** that **Defendants'** Motion to Dismiss (Docket Entry No. 6) is **denied**; and it is further

**ORDERED** that the parties shall proceed to discovery before the Honorable Mark Falk.

**SO ORDERED.**

_____
CLAIRE C. CECCHI, U.S.D.J.